IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RALPH AVELINO AVALOS,

      Petitioner,

  v.

CONNIE GIPSON, Acting Warden,

      Respondent.

_____/

No. C 11-03022 SBA (PR)

**ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION TO PROCEED ON EXHAUSTED CLAIM AND TO DELETE UNEXHAUSTED CLAIMS; DENYING RESPONDENT'S MOTION TO DISMISS; AND REINSTATING ORDER TO SHOW CAUSE**

United States District Court
For the Northern District of California

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    In an Order dated July 15, 2011, the Court ordered Respondent to show cause why the petition should not be granted.

    Respondent now moves to dismiss the petition as a mixed petition containing both exhausted and unexhausted claims (docket no. 6).  Petitioner opposes the motion and concedes that certain claims in his federal habeas petition are unexhausted.  He requests that the Court delete them.

    Also before the Court is Petitioner's motion to amend his federal petition to proceed only with his exhausted claim and to delete the unexhausted claims.  Attached to the aforementioned motion is his Amended Petition containing only the exhausted claim.

    For the reasons discussed below, the Court GRANTS Petitioner's motion to amend to proceed only with his exhausted claim, GRANTS his request to delete the unexhausted claims, DENIES Respondent's motion to dismiss the petition, and reinstates the Court's July 15, 2011 order to show cause as to the fully exhausted Amended Petition.

**DISCUSSION**

    Petitioner listed four grounds for relief in his original federal petition, including:

(1) sentencing error; (2) prosecutorial misconduct, (3) ineffective assistance of counsel; and

(4) improper admission of evidence.  (Pet., Memo. at 10.)

1   Respondent argues that Petitioner's prosecutorial misconduct claim was the only claim

2   properly presented to the California Supreme Court, and that the remaining three claims "did not

3   appear in the California Supreme Court filing." (Mot. to Dismiss at 2.) In his opposition, Petitioner

4   concedes that those three remaining claims are unexhausted, and requests to delete the unexhausted

5   claims. (Opp'n at 1-2.)

6   Here, the parties do not dispute that Petitioner "fairly presented" his federal prosecutorial

7   misconduct claim in state court; therefore, the Court finds that this claim is exhausted.

8   A federal district court must dismiss a federal habeas petition containing any claim as to

9   which state remedies have not been exhausted. Rose v. Lundy, 455 U.S. 509, 522 (1982). When

10  faced with a mixed petition, such as the present petition, the court must on its own motion provide

11  the petitioner an opportunity to amend the mixed petition by striking unexhausted claims as an

12  alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing

13  Rhines v. Webber, 544 U.S. 269, 277 (2005)); Hunt v. Pliler, 384 F.3d 1118, 1125 (9th Cir. 2004);

14  Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004); James v. Pliler, 269 F.3d 1124, 1125-26 (9th

15  Cir. 2001); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000); see also Guillory v. Roe, 329

16  F.3d 1015, 1017-18 (9th Cir. 2003) (error for district court to deny petitioner's motion to strike

17  unexhausted claims as an alternative to suffering dismissal).

18  As mentioned above, Petitioner has filed a motion to amend the petition to delete the

19  unexhausted claims. The Court GRANTS Petitioner's motion to amend the petition to proceed only

20  with his exhausted prosecutorial misconduct claim, GRANTS his request to delete the unexhausted

21  claims, DENIES Respondent's motion to dismiss, and reinstates the Court's July 15, 2011 order to

22  show cause as to the fully exhausted Amended Petition. The parties are directed to abide by the

23  briefing schedule outlined below.

**CONCLUSION**

25  For the foregoing reasons,

26  1.      The Court GRANTS Petitioner's motion to amend the petition to proceed only with

27  his exhausted prosecutorial misconduct claim and GRANTS his request to delete the unexhausted

28  claims (docket no. 10). Therefore, the Court deletes the following unexhausted claims:

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    (1) sentencing error; (3) ineffective assistance of counsel; and (4) improper admission of evidence.

2    The Clerk of the Court is directed to file the document attached to Petitioner's motion to amend,

3    which is incorrectly labeled "Amended Complaint," and docket the aforementioned document as

4    Petitioner's "Amended Petition." The Clerk is further directed to mark the Amended Petition as filed

5    on January 5, 2012, the date it was received by the Court.

6         2.      Respondent's motion to dismiss (docket no. 6) is DENIED.

7         3.      The Clerk shall serve a copy of this Order and the Amended Petition and all

8    attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State

9    of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

10   The Court's July 15, 2011 order to show cause is reinstated as to Petitioner's remaining prosecutorial

11   misconduct claim in his Amended Petition.

12        Respondent is ordered to file an answer and supporting documents within **sixty (60) days**

13   from the date of this Order. Respondent shall file with an answer a copy of all state records that

14   have been transcribed previously and that are relevant to a determination of the issues presented by

15   the Amended Petition.

16        If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

17   Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer. Should

18   Petitioner fail to do so, the Amended Petition will be deemed submitted and ready for decision

19   **thirty (30) days** after the date Petitioner is served with Respondent's answer.

20        4.      Connie Gipson, the current acting warden at California State Prison-Corcoran, has

21   been substituted as Respondent in place of Petitioner's prior custodian pursuant to Rule 25(d) of the

22   Federal Rules of Civil Procedure.

23        5.      This Order terminates Docket nos. 6 and 10.

24        IT IS SO ORDERED.

25   DATED:   1/23/12                     _Saundra B Armstrong_

26                                  SAUNDRA BROWN ARMSTRONG
                                     United States District Judge

27

28

3

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  RALPH AVELINO AVALOS JR,                    Case Number: CV11-03022 SBA

           Plaintiff,                          **CERTIFICATE OF SERVICE**
5
      v.
6
   RAUL LOPEZ et al,
7
           Defendant.
8  _____/

9
   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
10 Court, Northern District of California.

11 That on January 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.

13

14 Ralph Avelino Avalos T44828
   Corcoran State Prison
15 P.O. Box 3481
   Corcoran,  CA 93212
16
   Dated: January 25, 2012
17
                                               Richard W. Wieking, Clerk
                                               By: LISA R CLARK, Deputy Clerk
18

19

20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\HC.11\Avalos3022.denyMTD-reinstateOSC.wpd      4