IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RALPH AVELINO AVALOS,

    Petitioner,

v.

CONNIE GIPSON, Acting Warden,

    Respondent.

No. C 11-03022 SBA (PR)

**ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION TO PROCEED ON EXHAUSTED CLAIM AND TO DELETE UNEXHAUSTED CLAIMS; DENYING RESPONDENT'S MOTION TO DISMISS; AND REINSTATING ORDER TO SHOW CAUSE**

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In an Order dated July 15, 2011, the Court ordered Respondent to show cause why the petition should not be granted.

Respondent now moves to dismiss the petition as a mixed petition containing both exhausted and unexhausted claims (docket no. 6). Petitioner opposes the motion and concedes that certain claims in his federal habeas petition are unexhausted. He requests that the Court delete them.

Also before the Court is Petitioner's motion to amend his federal petition to proceed only with his exhausted claim and to delete the unexhausted claims. Attached to the aforementioned motion is his Amended Petition containing only the exhausted claim.

For the reasons discussed below, the Court GRANTS Petitioner's motion to amend to proceed only with his exhausted claim, GRANTS his request to delete the unexhausted claims, DENIES Respondent's motion to dismiss the petition, and reinstates the Court's July 15, 2011 order to show cause as to the fully exhausted Amended Petition.

**DISCUSSION**

Petitioner listed four grounds for relief in his original federal petition, including: (1) sentencing error; (2) prosecutorial misconduct, (3) ineffective assistance of counsel; and (4) improper admission of evidence. (Pet., Memo. at 10.)

1    Respondent argues that Petitioner's prosecutorial misconduct claim was the only claim
2 properly presented to the California Supreme Court, and that the remaining three claims "did not
3 appear in the California Supreme Court filing." (Mot. to Dismiss at 2.) In his opposition, Petitioner
4 concedes that those three remaining claims are unexhausted, and requests to delete the unexhausted
5 claims. (Opp'n at 1-2.)

6    Here, the parties do not dispute that Petitioner "fairly presented" his federal prosecutorial
7 misconduct claim in state court; therefore, the Court finds that this claim is exhausted.

8    A federal district court must dismiss a federal habeas petition containing any claim as to
9 which state remedies have not been exhausted. Rose v. Lundy, 455 U.S. 509, 522 (1982). When
10 faced with a mixed petition, such as the present petition, the court must on its own motion provide
11 the petitioner an opportunity to amend the mixed petition by striking unexhausted claims as an
12 alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing
13 Rhines v. Webber, 544 U.S. 269, 277 (2005)); Hunt v. Pliler, 384 F.3d 1118, 1125 (9th Cir. 2004);
14 Olvera v. Giurbino, 371 F.3d 569, 573 (9th Cir. 2004); James v. Pliler, 269 F.3d 1124, 1125-26 (9th
15 Cir. 2001); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000); see also Guillory v. Roe, 329
16 F.3d 1015, 1017-18 (9th Cir. 2003) (error for district court to deny petitioner's motion to strike
17 unexhausted claims as an alternative to suffering dismissal).

18    As mentioned above, Petitioner has filed a motion to amend the petition to delete the
19 unexhausted claims. The Court GRANTS Petitioner's motion to amend the petition to proceed only
20 with his exhausted prosecutorial misconduct claim, GRANTS his request to delete the unexhausted
21 claims, DENIES Respondent's motion to dismiss, and reinstates the Court's July 15, 2011 order to
22 show cause as to the fully exhausted Amended Petition. The parties are directed to abide by the
23 briefing schedule outlined below.

## **CONCLUSION**

25    For the foregoing reasons,

26    1.    The Court GRANTS Petitioner's motion to amend the petition to proceed only with
27 his exhausted prosecutorial misconduct claim and GRANTS his request to delete the unexhausted
28 claims (docket no. 10). Therefore, the Court deletes the following unexhausted claims:

2

1 (1) sentencing error; (3) ineffective assistance of counsel; and (4) improper admission of evidence. The Clerk of the Court is directed to file the document attached to Petitioner's motion to amend, which is incorrectly labeled "Amended Complaint," and docket the aforementioned document as Petitioner's "Amended Petition."  The Clerk is further directed to mark the Amended Petition as filed on January 5, 2012, the date it was received by the Court.

2. Respondent's motion to dismiss (docket no. 6) is DENIED.

3. The Clerk shall serve a copy of this Order and the Amended Petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address. The Court's July 15, 2011 order to show cause is reinstated as to Petitioner's remaining prosecutorial misconduct claim in his Amended Petition.

Respondent is ordered to file an answer and supporting documents within **sixty (60) days** from the date of this Order.  Respondent shall file with an answer a copy of all state records that have been transcribed previously and that are relevant to a determination of the issues presented by the Amended Petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.  Should Petitioner fail to do so, the Amended Petition will be deemed submitted and ready for decision **thirty (30) days** after the date Petitioner is served with Respondent's answer.

4. Connie Gipson, the current acting warden at California State Prison-Corcoran, has been substituted as Respondent in place of Petitioner's prior custodian pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

5. This Order terminates Docket nos. 6 and 10.

IT IS SO ORDERED.

DATED:   1/23/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RALPH AVELINO AVALOS JR,

        Plaintiff,

  v.

RAUL LOPEZ et al,

        Defendant.

Case Number: CV11-03022 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ralph Avelino Avalos T44828
Corcoran State Prison
P.O. Box 3481
Corcoran, CA 93212

Dated: January 25, 2012

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.11\Avalos3022.denyMTD-reinstateOSC.wpd    4